Filed 3/19/26  Pero v. Hussain CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| MELISSA PERO et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> ASIF ROBERT HUSSAIN, <br><br> Defendant and Appellant. | B344275 <br><br> (Los Angeles County  Super. Ct. No. 24VECV04712) |

APPEAL from an order of the Superior Court of Los Angeles County, Karen Moskovitz, Judge.  Affirmed.

Wolf Wallenstein, Michael H. Wallenstein and Christopher J. Cummiskey for Defendant and Appellant.

Gokal Law Group, Inc., and Ali Nicolette for Plaintiffs and Respondents Melissa Pero and Kamran Hussain.

Reich Radcliffe & Hoover and Richard J. Radcliffe for Plaintiff and Respondent Ludmila Seletskiy.

## INTRODUCTION

This case stems from a family dispute over the probate of the estate of Mohammed Hussain (decedent). After decedent passed away, one of his sons, Asif "Robert" Hussain (Asif)[1] took a document purporting to be decedent's will and instructed one of his friends to sign and backdate the witness attestation clause so he could probate the will. The will named Asif the executor of decedent's estate and distributed most of the estate to Asif. Decedent's other heirs contested Asif's petition to probate the will. Asif subsequently conceded that the will was invalid and abandoned his probate petition.

Decedent's other heirs then filed suit against Asif for malicious prosecution of the probate action. In response, Asif filed a special motion to strike the malicious prosecution claim under our anti-SLAPP statute.[2] (Code Civ. Proc., § 425.16.) The trial court denied the motion. Asif now appeals, arguing the plaintiffs failed to provide sufficient evidence that he acted without probable cause and with malice in filing the probate petition. We disagree and affirm the trial court's ruling.

## FACTUAL AND PROCEDURAL BACKGROUND

The following background facts are largely undisputed.

---

[1]    As this case involves multiple members of the Hussain family who share a last name, we refer to certain parties by first name for clarity. No disrespect is intended.

[2]    The term "SLAPP" stands for strategic lawsuit against public participation.

I.      *Background Facts and Prior Probate Action*

Decedent passed away in 2023 without a valid will, trust, or any other estate planning document directing the disposition of his estate.  After decedent passed away, Asif approached a friend, Kelly Gorgone (Gorgone), and presented her with a document he claimed was decedent's will.  The document required two witness signatories to attest to the following facts: "The last will and testament, which has been separately signed by Mohammad Hussain, the testator, was signed, executed and declared by the above named testator as his or her last will and testament in the presence of each of us.  We, in the presence of the testator and each other, at the testator's request, hereby subscribe our names as witnesses to the declaration and the execution of the last will and testament by the testator, and we declare that, to the best of our knowledge, said testator is eighteen years of age or older, of sound mind and that this last will and testament was not procured by duress, menace, fraud or undue influence.  We further declare that each of us is age 18 or older and a competent witness.  [¶]  Each of us declares under the penalty [of perjury] under the laws of the state of California that the foregoing is true and correct."  At the time he met with Gorgone, Asif had already signed the attestation clause and dated his signature July 5, 2022.[3]  There is no dispute that Gorgone did not witness Asif or the decedent sign the will.  Nonetheless, Asif asked Gorgone to sign the attestation clause affirming that she had done so and told her to backdate her signature to July 5, 2022.  Gorgone complied with Asif's instructions.

Asif then retained counsel, and in June 2023, he filed a petition to probate the will and lodged a copy with the court.  The will submitted by Asif

---

[3]     It is unclear from the record before us whether Asif signed the will before or after decedent passed away.

3

distributed almost all of decedent's assets to Asif and named Asif as the executor of decedent's estate.

Decedent's other children, Melissa Jean Pero (Pero) and Kamran Hussain (Kamran), contested Asif's probate petition, as did decedent's surviving spouse, Ludmila Seletskiy (Seletskiy). Shortly before the parties were scheduled to depose Gorgone, Asif filed a request to dismiss the probate action. He later filed a notice of intention to abandon his probate petition. On September 11, 2024, the probate court denied Asif's petition, concluding that Asif had abandoned it.

## II. *Malicious Prosecution Action*

After the denial of Asif's probate petition, Pero, Kamran, and Seletskiy (collectively, plaintiffs) filed suit against Asif and Gorgone for malicious prosecution stemming from Asif's filing of the probate petition based on the will falsely signed by Gorgone.[4]

In response, Asif filed an anti-SLAPP motion to strike plaintiffs' cause of action for malicious prosecution. Asif argued that the malicious prosecution claim arose from his protected activity of filing the probate action. He also argued that plaintiffs could not establish a probability of prevailing on their claim because he believed in good faith that the will was valid when he filed the petition in the probate court.

### A. *Asif's Declaration*

Asif submitted a declaration in support of his motion attesting to the following facts. In 2022, decedent told Asif that he intended to distribute his

---

[4]     Plaintiffs' operative complaint also alleged a cause of action for elder abuse which is not relevant to issues presented by this appeal.

home in Granada Hills to Asif and Seletskiy, with 60 percent going to Asif and the remainder to Seletskiy. Decedent also indicated that he prepared a will and instructed Asif to sign it. In December 2022, decedent gave Asif the combination to a safe and told him to retrieve the documents stored there in the event of his death. After decedent's passing, Asif opened the safe and retrieved a will. He then took that will to a non-attorney "probate specialist," Cheryl Templeton (Templeton). Templeton told him that "in order to submit the [w]ill to [p]robate it needed to be fully signed and dated by two witnesses who knew [decedent]."

Having been told that the will was defective because it was not signed by two witnesses, Asif concluded that "all [he] needed to do to submit the [w]ill to [p]robate was to get another signature on the [w]ill from a person who knew [decedent]." He went to Gorgone and asked her to sign the witness attestation clause and backdate her signature to July 2022. He then took the signed will to a probate attorney and directed his new counsel to file the probate petition. At some unspecified time after filing the petition, Asif "became aware" that Gorgone's signature was invalid because she did not witness decedent sign the will as she had attested to. Once he learned this information, he instructed his counsel to dismiss the probate petition. Asif claims he did not intend to deceive any of the plaintiffs and would not have submitted the will to probate court if he had known that Gorgone's signature was defective.

B.    *Plaintiffs' Opposition*

Plaintiffs opposed the motion to strike and submitted several declarations attempting to establish a probability of prevailing on their claim for malicious prosecution. The opposition included a declaration from

5

Gorgone stating that in May or June of 2023, Asif asked her to sign and backdate the will. She agreed to do so but only read the first page of the document Asif gave to her. She admits she did not witness decedent sign the will, that decedent did not ask her to sign the will, and that she never discussed decedent's testamentary intent with decedent before his passing. She also did not witness Asif sign the will.

Gorgone also stated that in October 2023, she became aware that there was a legal dispute around the will Asif lodged with his probate petition. At that time, she contacted Asif and asked him to come forward and admit that he had instructed her to sign and backdate the will. Between October 2023 and June 2024, she contacted Asif on multiple occasions and "pleaded with him to come forward and explain what he had done." Each time, Asif promised that he would "take care of it."

Seletskiy submitted a declaration stating that she discussed decedent's testamentary intent with him, and he never mentioned that he had prepared a will, trust, or other estate planning instrument. She claimed the will submitted by Asif contradicted the statements decedent made to her about the distribution of his estate.

Pero submitted a declaration stating that shortly after decedent passed away, Asif approached her and asked her to sign the will as a witness. She refused to do so.

Plaintiffs' opposition also included a declaration from Kurt Kuhn (Kuhn). Kuhn's declaration detailed his background as a forensic document examiner and expert witness with years of experience and training in the field. Kuhn stated that he examined exemplars of decedent's handwriting and compared those exemplars to decedent's purported signature on the will lodged by Asif. Based on this comparison, Kuhn concluded that "the evidence

6

supports the opinion that it is highly probable that the signature appearing on the [will] was not signed by [decedent]."

Asif responded by filing evidentiary objections to the declarations of Seletskiy, Pero, Kamran, and Gorgone, principally claiming their testimony was inadmissible hearsay and lacked foundation. Asif did not file any objections to Kuhn's declaration.

The trial court overruled Asif's evidentiary objections and denied the motion to strike, concluding that plaintiffs sufficiently established a probability of success on the merits of their malicious prosecution claim. Specifically, the trial court pointed to Gorgone's testimony that Asif asked her to sign and backdate the will and that she repeatedly urged Asif to tell the truth about what he asked her to do. The court also noted plaintiffs presented evidence that decedent's signature on the will was forged.

Asif timely appealed. On appeal, Asif argues that plaintiffs' opposition did not include any admissible evidence establishing that he acted without probable cause and with malice in filing the probate petition.

## DISCUSSION

### I.    *Anti-SLAPP Procedure*

The "anti-SLAPP statute is designed to protect defendants from meritless lawsuits that might chill the exercise of their rights to speak and petition on matters of public concern." (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 883–884 (*Wilson*).) A "cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has

7

established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

In evaluating an anti-SLAPP motion to strike, courts conduct a two-step analysis. First, the court decides whether a defendant has met its "burden of establishing that the challenged allegations or claims 'aris[e] from' protected activity in which the defendant has engaged." (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1061.) Second, if a defendant meets its burden on the threshold showing, the court decides if the plaintiff "has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

"We review de novo the grant or denial of an anti-SLAPP motion. [Citation.] We review the trial court's evidentiary rulings for abuse of discretion. [Citation.]" (*Sanchez v. Bezos* (2022) 80 Cal.App.5th 750, 763.)

II.    *Prong One: Arising from Protected Activity*

At the first step of the anti-SLAPP analysis, "the moving party must establish both (1) that its act constituted protected activity; and (2) the opposing party's cause of action arose from that protected activity." (*Colyear v. Rolling Hills Community Assn. of Rancho Palos Verdes* (2017) 9 Cal.App.5th 119, 130; *Wilson, supra,* 7 Cal.5th at p. 887.) "At this stage, the question is only whether a defendant has made out a prima facie case that activity underlying a plaintiff's claims is statutorily protected." (*Wilson*, at p. 888.)

Here, the challenged cause of action is malicious prosecution. ""The plain language of the anti-SLAPP statute dictates that every claim of malicious prosecution is a cause of action arising from protected activity because every such claim necessarily depends upon written and oral

8

statements in a prior judicial proceeding."'" (*Medley Capital Corp. v. Security National Guaranty, Inc.* (2017) 17 Cal.App.5th 33, 43.) "[B]y its terms, section 425.16 potentially may apply to every malicious prosecution action, because every such action arises from an underlying lawsuit, or petition to the judicial branch. By definition, a malicious prosecution suit alleges that the defendant committed a tort by filing a lawsuit. [Citation.] Accordingly, every Court of Appeal that has addressed the question has concluded that malicious prosecution causes of action fall within the purview of the anti-SLAPP statute. [Citations.]" (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 734–735, fn. omitted.)

We therefore agree with the trial court that Asif sufficiently established that plaintiffs' claim for malicious prosecution arises from his protected activity under prong one of the anti-SLAPP analysis.

III.    *Prong Two: Probability of Success on the Merits*

Under the second step in the anti-SLAPP analysis, a plaintiff "need only establish that his or her claim has 'minimal merit.'" (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 291 (*Soukup*).) To satisfy this burden, the plaintiff "'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.'" (*Ibid*.) "In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16, subd. (b)(2).)[5] But, "at the

---

[5]    "Although not mentioned in the SLAPP Act, the Code of Civil Procedure also allows a court to consider, in lieu of an affidavit, certain written declarations." (*Sweetwater Union High School Dist. v. Gilbane Building Co.* (2019) 6 Cal.5th 931, 941.)

second anti-SLAPP step, a court 'does not *weigh* the credibility or comparative probative strength of competing evidence.' [Citation.] It 'accepts the plaintiff's evidence as true, and evaluates the defendant's showing only to determine if it defeats the plaintiff's claim as a matter of law.' [Citation.] '[W]e resolve conflicts and inferences in the record in favor of plaintiff.' [Citation.] However, speculative inferences not supported by the evidence proffered need not be considered." (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 795 (*Monster Energy*).)

A.    *Plaintiffs Established a Probability of Success on the Merits of Their Malicious Prosecution Claim*

To prevail on a claim for malicious prosecution, a plaintiff must show there was a prior underlying action that "(1) was commenced by or at the direction of the defendant . . . and it was pursued to a legal termination in plaintiff's favor; (2) was brought without probable cause; and (3) was initiated with malice.  [Citations.]" (*HMS Capital, Inc. v. Lawyers Title Co.* (2004) 118 Cal.App.4th 204, 213 (*HMS*).)

On appeal, Asif argues the trial court erred in concluding that plaintiffs established a probability of success on their malicious prosecution claim. Specifically, Asif asserts the plaintiffs failed to put forth sufficient evidence on the elements of probable cause and malice.  We discuss each element separately.

1.    *Probable Cause*

"An action is deemed to have been pursued without probable cause if it was not legally tenable when viewed in an objective manner as of the time the action was initiated or while it was being prosecuted." (*Sycamore Ridge*

*Apartments LLC v. Naumann* (2007) 157 Cal.App.4th 1385, 1402.) "The test is whether, on the basis of facts then known, any reasonable attorney would have believed that instituting or maintaining the prior action was tenable." (*Citizens of Humanity, LLC v. Hass* (2020) 46 Cal.App.5th 589, 599 (*Citizens*).) "'A litigant will lack probable cause for his action either if he relies upon facts which he has no reasonable cause to believe to be true, or if he seeks recovery upon a legal theory which is untenable under the facts known to him.'" (*Soukup, supra,* 39 Cal.4th at p. 292.)

Here, there can be no question that plaintiffs made a sufficient showing that Asif did not have probable cause to file the probate petition. Asif admits he signed the attestation clause before he presented the will to Gorgone. He was therefore aware that, by its own express terms, the attestation clause could only be validly signed by someone who (1) witnessed decedent sign the will, (2) signed the attestation clause in the presence of the decedent, and (3) was requested by decedent to sign the clause. Gorgone did not satisfy any of these requirements. Similarly, Probate Code section 6110, subdivision (c), provides that a will "shall be witnessed by being signed, during the testator's lifetime, by at least two persons each of whom (A) being present at the same time, witnessed either the signing of the will or the testator's acknowledgment of the signature or of the will and (B) understand that the instrument they sign is the testator's will."

At the time Asif's probate petition was filed, he knew that Gorgone could not satisfy the representations made in the attestation clause nor the requirements of the Probate Code. Given such facts, no reasonable attorney would believe the will had been properly witnessed by at least two people. In the absence of a validly witnessed will, Asif's probate petition was objectively untenable.

11

We note the trial court did not have to rely on any inadmissible testimony to reach this conclusion. The evidence establishing Asif's lack of probable cause largely comes from his own declaration, which was further corroborated and elaborated on in Gorgone's declaration. Nothing in the record indicates any party objected to Asif's declaration below, nor does Asif argue on appeal that his declaration is inadmissible in deciding his anti-SLAPP motion. Asif has also not shown that the relevant aspects of Gorgone's testimony were inadmissible. While Asif asserts in his appellate briefing that Gorgone's declaration was inadmissible, he does so only in a conclusory and perfunctory fashion without any detailed analysis or argument. "Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review. The court is not required to make an independent, unassisted study of the record in search of error. The point is treated as waived and we pass it without further consideration." (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078.)

We conclude the trial court properly overruled Asif's objections to the relevant portions of Gorgone's testimony. For example, Gorgone testified in her declaration that Asif directed her to sign and backdate a document that he represented was decedent's will. Asif objected to these statements, claiming they lacked foundation and constituted inadmissible hearsay. On appeal, Asif does not explain how Gorgone lacked the foundation to testify about a conversation she personally had with him. We also note that Gorgone's testimony about Asif's statements was not inadmissible hearsay as "Evidence of a statement is not made inadmissible by the hearsay rule when offered against the declarant in an action to which he is a party in either his

12

individual or representative capacity, regardless of whether the statement was made in his individual or representative capacity." (Evid. Code, § 1220.) As Asif's statements in Gorgone's declaration are being offered against him in an action in which he is a party, those statements are not inadmissible hearsay.

Further, Gorgone's testimony about Asif's statements is only made inadmissible under the hearsay rule if it "is offered to prove the truth of the matter stated." (Evid. Code, § 1200, subd. (a).) Gorgone's testimony would thus be inadmissible hearsay if it were offered to show that Asif was telling the truth when he represented that the document he wanted Gorgone to sign was decedent's will and not a forgery. But Gorgone's testimony was not being offered for that purpose, rather it was offered to show that Asif asked her to falsely represent that she had witnessed decedent sign the will he wanted to file in probate court. Therefore, Gorgone's testimony is not rendered inadmissible by the hearsay rule under Evidence Code section 1200.

We conclude that plaintiffs carried their burden to show there was minimal merit to the claim that Asif lacked probable cause in initiating the probate action.


### 2.    *Malice*

"The malice element of the malicious prosecution tort goes to the defendant's subjective intent . . . . It is not limited to actual hostility or ill will toward the plaintiff." (*Sierra Club Foundation v. Graham* (1999) 72 Cal.App.4th 1135, 1156–1157.) The element of malice may range from open hostility to indifference, and may be satisfied by proof of a defendant's subjective intent to deliberately misuse the legal system for personal gain at the expense of the other party. (*Soukup, supra*, 39 Cal.4th at p. 292.) "A lack

13

of probable cause is a factor that may be considered in determining if the claim was prosecuted with malice [citation], but the lack of probable cause must be supplemented by other, additional evidence. [Citation.]" (*HMS, supra,* 118 Cal.App.4th at p. 218.) "Since parties rarely admit an improper motive, malice is usually proven by circumstantial evidence and inferences drawn from the evidence. [Citation.]" (*Ibid.*)

On appeal, Asif argues plaintiffs did not present sufficient evidence that he acted with malice to establish a probability of success on the merits of their malicious prosecution claim. Asif's declaration states that (1) he subjectively believed—based on his conversation with Templeton—that Gorgone could validly witness the will months after decedent's death; (2) he did not intend to deceive any of the plaintiffs; and (3) was simply trying to give effect to the intentions decedent expressed while he was alive as to how to distribute his estate upon his death.

In essence, Asif argues that plaintiffs have failed to rebut these representations with any direct evidence that he acted with malice in filing the probate petition. To survive an anti-SLAPP motion to strike, plaintiffs are not required to conclusively prove that Asif acted with malice. Nor are they obligated to come forward with direct evidence of malice. Instead, plaintiffs can meet their burden by presenting circumstantial evidence, which, if accepted as true, would support a judgment in their favor. (*Soukup, supra,* 39 Cal.4th at p. 291.) In determining whether plaintiffs have carried this burden, we resolve all conflicts and inferences in the record in plaintiffs' favor. (*Monster Energy, supra,* 7 Cal.5th at p. 795.)

We also disregard Asif's evidence unless it defeats plaintiffs' claims as a matter of law. (*Monster Energy, supra,* 7 Cal.5th at p. 795.) Asif does not argue that his self-serving declaration claiming he did not act with malice is

14

alone sufficient to defeat plaintiffs' malicious prosecution claim as a matter of law. Accordingly, his testimony regarding his intent in filing the probate petition is irrelevant to the question of whether plaintiffs carried their burden in presenting circumstantial evidence that he acted with malice.

On appeal, Asif repeatedly refers to plaintiffs' evidence as lacking credibility because it contradicts the representations made in his declaration. In resolving Asif's anti-SLAPP motion to strike, we do not weigh the credibility or comparative strength of conflicting evidence. (*Monster Energy*, *supra,* 7 Cal.5th at p. 795.) Asif's belief that his declaration provides a more credible version of events than plaintiffs' competing declarations is therefore irrelevant to this appeal. Further, such conflicts in the evidence presented by the parties suggest that there are disputed material facts concerning the merits of plaintiffs' claims. In a summary judgment-like procedure such as an anti-SLAPP motion to strike, the existence of disputed material facts is cause to deny the motion. (See, e.g., *Citizens, supra,* 46 Cal.App.5th at p. 602 [anti-SLAPP motion to strike properly denied where defendants' evidence established only that material facts were in dispute].)

In determining whether plaintiffs carried their burden on the element of malice, we begin by acknowledging that the evidence establishing Asif's objective lack of probable cause also circumstantially suggests he acted with malice by asking Gorgone to falsely attest to having witnessed decedent sign the will when he knew that she did not do so.

Plaintiffs have also presented additional circumstantial evidence suggesting Asif acted with an improper purpose in filing the probate petition. For example, plaintiffs presented testimony from Seletskiy that she discussed decedent's testamentary intent before his passing, and he never mentioned that he had prepared a will, trust, or other estate planning instrument. She

also testified that the will submitted by Asif contradicted the statements decedent made to her about how his estate would be distributed upon his death. Specifically, the will submitted by Asif gave Asif a greater share of decedent's estate than decedent had indicated to Seletskiy.

We can also infer malice from the fact that Asif directed Gorgone to backdate her signature on the attestation clause to July 5, 2022. If, as Asif asserts, he was operating under a good faith belief that the will could be made valid by having a witness falsely sign it after the decedent's death, then there would be no reason for Asif to instruct Gorgone to backdate her signature to July 2022. Asif's instruction to Gorgone to backdate her signature instead suggests that Asif wanted to conceal the fact that Gorgone's signature was obtained after decedent's death. This too is circumstantial evidence that Asif knew the will was invalid and filed the probate petition to deprive decedent's other heirs of their intestate share of decedent's estate.

Plaintiffs also submitted expert testimony from Kuhn indicating that decedent's signature on the purported will was likely a forgery. It is true that Kuhn did not opine that Asif was the one who forged decedent's signature or offer any direct evidence that Asif was aware that decedent's signature had been forged. But such a showing is not required to defeat an anti-SLAPP motion to strike. Here, Kuhn's testimony that decedent's signature was forged, when coupled with evidence that the will benefited Asif at the expense of decedent's other heirs, is sufficient to give rise to an inference that Asif filed the probate petition with the intent to deprive plaintiffs of their intestate share of decedent's estate.[6]

---

[6] On appeal, Asif for the first time argues that Kuhn's declaration was inadmissible. Asif has forfeited any claim of error as to the admissibility of

16

Additionally, malice can be shown by "evidence that a party pursued, or continued to pursue, a case after learning it was untenable." (*Jenkins v. Brandt-Hawley* (2022) 86 Cal.App.5th 1357, 1384.) On this point, plaintiffs submitted Gorgone's testimony that on multiple occasions beginning in October 2023, she urged Asif to come forward and admit that she had falsely signed the attestation clause in the will. Yet, the record establishes that Asif took no action to dismiss the probate petition until June 2024, despite his repeated assurances to Gorgone that he would "take care of it." This too is circumstantial evidence from which a jury could infer that Asif acted with malice in continuing to prosecute the probate petition for eight months.

This circumstantial evidence, taken cumulatively, is sufficient to carry plaintiff's burden to show their malicious prosecution claim has the minimal merit necessary to survive Asif's anti-SLAPP challenge.

Asif has not shown that the trial court abused its discretion in overruling his evidentiary objections to this evidence. On appeal, Asif does not acknowledge or attempt to rebut the authority cited by the trial court in overruling his evidentiary objections. His appellate briefing does not refer to the provisions of the Evidence Code concerning hearsay, nor does he attempt to distinguish the case law cited by the trial court. Asif has therefore failed to establish any abuse of discretion by the trial court in overruling his objections. (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [an "'order of the lower court is *presumed correct*. All intendments and

---

Kuhn's testimony by failing to object to it in the trial court. (*Leonardini v. Shell Oil Co.* (1989) 216 Cal.App.3d 547, 584 ["questions relating to the admissibility of evidence will not be reviewed on appeal in the absence of a specific and timely objection"].) We therefore do not address Asif's claims of error concerning the admissibility of Kuhn's testimony and treat his testimony as properly before the trial court.

presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error'"].)

For these reasons, we find no error in the trial court's decision to deny Asif's anti-SLAPP motion to strike plaintiffs' cause of action for malicious prosecution.

## DISPOSITION

The order denying Asif's anti-SLAPP motion to strike is affirmed. Plaintiffs' motion for sanctions is denied. Plaintiffs are awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ZUKIN, P. J.

WE CONCUR:

COLLINS, J.

MORI, J.

18